**TIDEWATER EXPRESS LINES, INC., W. T. Cowan, Inc., Davidson Transfer & Storage Co., B & P Motor Express, Inc., Pooles Drayage Company, and Wooleyhan Transport Co.**

v.

**UNITED STATES of America and Interstate Commerce Commission, Rockville Chamber of Commerce, Mayor and City Council of Rockville, Md., Sears, Roebuck & Co., Intervenors.**

**TIDEWATER EXPRESS LINES, INC., W. T. Cowan, Inc., Wooleyhan Transport Co., and Branch Motor Express Co.**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

Civ. A. Nos. 16549, 18442.

United States District Court
D. Maryland.

March 26, 1968.

James J. Doherty, Friedman & Goodman, Baltimore, Md., and William B. Dulany, Dulany & Davis, Westminster, for plaintiffs.

Stephen H. Sachs, U. S. Atty., Baltimore, Md., Donald F. Turner, Asst. Atty. Gen., and John H. D. Wigger, Dept. of Justice, Washington, D. C., for the United States.

Robert W. Ginnane, Gen. Counsel, Washington, D. C., and Manny H. Smith, Washington, D. C., for Interstate Commerce Commission.

Alan F. Wohlstetter and Ernest H. Land, Denning & Wohlstetter, Washington, D. C., and George W. Shadoan, Rockville, Md., for intervening defendants, Rockville Chamber of Commerce and Mayor and Council of Rockville.

Russell S. Bernhard, Washington, D. C., and Francis J. Ford, Rockville, Md., of counsel, Macleay, Lynch, Bernhard & Gregg, Washington, D. C., for intervening defendant, Sears, Roebuck and Co.

Before SOBELOFF, Circuit Judge, and WATKINS and NORTHROP, District Judges.

WATKINS, District Judge.

These are two civil actions brought by seven motor carriers[1] to annul two reports and orders of the Commission in Ex Parte No. MC–7, Washington, D. C. Commercial Zone, redefining the commercial zone of Washington, D. C. Civil Action No. 16549 seeks to set aside (1) the report and order of the Commission, Operating Rights Review Board Number 1, of February 5, 1965 (served February 17), 98 M.C.C. 106, redefining the commercial zone so as to include the city of Rockville, Maryland, and its environs and (2) an order of the Commission, Division 1, Acting as an Appellate Division, of May 18, 1965 (served May 26) which denied several petitions for reconsideration, including one embracing a motion for removal of the exemption from regulation as provided by section 203(b) (8)

of the Interstate Commerce Act, 49 U.S.C. section 303(b) (8). Civil Action No. 18442 is directed against (1) the subsequent report and order of the Commission, Operating Rights Review Board Number 2, of December 16, 1966 (served December 30), 103 M.C.C. 256, in the same proceeding, redefining the Washington, D. C. commercial zone so as to add 0.4 square mile to the northwest corner of the zone as redefined in the prior report of February 5, 1965, 98 M.C.C. 106, and (2) an order of the Commission, Division 1, Acting as an Appellate Division, of May 2, 1967 (served May 10), denying protestants' petition for reconsideration.

Three issues are presented by plaintiffs:

1. Were the Commission's conclusions and findings which redefined the Washington, D. C. commercial zone so as to include Rockville, Maryland and its environs and a 0.4 square mile area adjacent thereto arbitrary, capricious or an abuse of discretion?

■ The Commission's actions in these two cases were, and are conceded to be, exercises of rule making, as to which the scope of review is not whether the findings and conclusions are supported by substantial evidence, but whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. section 706(2) (A). See California Citizens Band Association v. United States, 9 Cir. 1967, 375 F.2d 43, cert. den. 1967, 389 U.S. 844, 88 S.Ct. 96, 19 L.Ed.2d 112 (FCC); American Trucking Associations v. United States, N.D.Ala.1951, 101 F.Supp. 710, affd. 1953, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337 (ICC).

■ The concession by plaintiffs' attorney at oral argument that this was an "extremely close case" would probably be sufficient in and of itself to justify the conclusion that the actions of the Commission were not arbitrary, capricious or an abuse of discretion. In addition, however, a review of the entire rec-

1. Voluntarily dismissed as to five of the plaintiffs at the hearing herein.

ord fully supports the findings made and the conclusions expressed by the Commission, which comply with the guide lines set forth in George A. Rehman Co. v. United States, E.D.S.C. 1955, 133 F. Supp. 668.

2. Was the denial by the Commission of an oral hearing such an abuse of discretion in a rule-making proceeding as to render its decision arbitrary and capricious?

■ It is well settled that the rule-making power of the Commission in. redefining a commercial zone does not require the holding of an adjudicatory hearing. George A. Rehman Co., supra, 133 F.Supp. at pages 673–674; Highland Farms Dairy v. Agnew, E.D.Va. 1936, 16 F.Supp. 575, 586–587, affd. 1937, 300 U.S. 608, 57 S.Ct. 549, 81 L.Ed. 835; California Citizens Band v. United States, supra; Air Lines Pilots Association v. Onesada, 2 Cir. 1960, 276 F.2d 892, 895–896, cert. den. 1961, 366 U.S. 962, 81 S.Ct. 1923, 6 L.Ed.2d 1254; reh. den. 1961, 368 U.S. 870, 82 S.Ct. 27, 7 L.Ed.2d 71.

Plaintiffs were given notice of the proposed rule-making of September 18, 1964, and July 1, 1966, by publication in the Federal Register of September 23, 1964 (29 F.R. 13216) and of July 7, 1966 (31 F.R. 9308). They were given the opportunity to participate in the rule-making and took advantage of this opportunity by requesting, and obtaining, several extensions of time and by the filing thereafter of written data and statements of views and arguments. Plaintiffs have at no time made any proffer of what additional or different testimony they would have offered, or could now offer, if an oral hearing had been or were to be had.

■ Clearly under these circumstances the Commission fully complied with the provisions of section 4 of the APA, 5 U.S.C. section 553, and, in refusing to allow oral presentation, did not act in an arbitrary or capricious manner or abuse the discretion committed to it by the provisions of subsection (c) of section 553.

3. Was the refusal of the Commission to grant a motion to reopen the proceedings for the purpose of considering whether the exemption extended to Rockville should be removed, said motion being made by only one of the then nine protesting carriers before the Commission, such an error as would require this court to remand the consolidated cases to the Commission for further proceedings on removal of the exemption?

■ The "Second Report and Order of the Commission on Petition" extending the Washington zone to include Rockville and its environs was filed and entered on February 5, 1965. Up until that time the only issue formulated was whether or not the Washington zone should be so extended. None of the protesting carriers raised or even suggested the possibility of removal from exemption. While numerous petitions for reconsideration and oral hearing were filed, in only one of them, filed March 10, 1965, was there any petition to reopen for consideration of removal. Of this ten page petition, only three pages were even purportedly devoted to this question. Most of the three pages constitute a lament as to other orders of the Commission by which that petitioner's "territory was so decimated it resembled a Chinese quilt." No showing of any sort was made by this petitioner, or any of the plaintiffs, as to the actual economic effect and impact upon them of the extension of the Washington zone—an indispensable requirement for removal from exemption. St. Louis, Missouri—East St. Louis, Illinois, Commercial Zone, 61 M.C.C. 489, 493–494 (approved in Rheman, supra, 133 F.Supp. at page 672); New York Commercial Zone, 53 M.C.C. 451.

Point 3 is therefore no ground for a remand. Any aggrieved party can at any time file a petition for removal from exemption. Commission Rule 1100.44, 49 C.F.R. 1100.44. Compare Penn-Central Merger Cases, 1968, 389 U.S. 486, 519–520, 88 S.Ct. 602, 19 L.Ed.2d 723.

The relief prayed is denied.